OPINION
Defendant-appellant Charles Woodruff appeals from the denial of his motion to vacate his plea of guilty to three counts of Aggravated Trafficking, made after the imposition of sentence. Woodruff contends that the existence of a potential conflict of interest on the part of his trial counsel, who also represented his wife and co-defendant, constituted a sufficient showing of manifest injustice to entitle him to a hearing on his motion to vacate his plea.
We conclude that Woodruff has failed to make any showing of the existence of a manifest injustice. Accordingly, we conclude that the trial court did not err in denying his motion to vacate his plea, without a hearing. The judgment of the trial court isAffirmed.
 I
Woodruff was charged, by indictment, with three counts of Aggravated Trafficking. His wife, Jennifer Woodruff, was charged with one count of Drug Abuse. They were represented by the same attorney. They both pled guilty as charged, and were sentenced accordingly. Woodruff was sentenced to two years on each of the first two counts of his indictment, and one year on the third count, to be served consecutively, for a total of five years. Jennifer Woodruff received a split sentence — ninety days in jail, and three years on probation.
Woodruff filed a motion to vacate his plea. In his motion, he contended that he was prejudiced as a result of an unspecified conflict of interest in his attorney's representation of both himself and his wife, and also that his attorney failed to pursue a possible motion to suppress evidence obtained as a result of an unlawful search.
Woodruff supported his motion to vacate his plea with the following affidavit:
 Now comes, CHARLES WOODRUFF, who being first duly sworn, deposes and states as follows:
1. I am the Defendant herein.
 2. Attorney David Martin was my attorney in case number 96-CR-116.
 3. David Martin also represented my wife, Jennifer Woodruff in the same case.
 4. My lawyer did not explain the potential conflict of interest to either myself or my wife.
 5. I did not sign a waiver consenting to the representation where there was a conflict of interest.
Although we have a transcript of the sentencing proceedings, we have no transcript of the proceedings during which Woodruff's guilty plea was tendered and accepted.
Woodruff's motion to vacate his plea was denied, without a hearing. From the denial of his motion to vacate his plea, Woodruff appeals.
 II
Woodruff's sole Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT REFUSED TO GRANT A HEARING ON APPELLANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA.
Although motions to vacate a plea of guilty, made after the imposition of sentence, are not favored, they may be granted to correct manifest injustice. Crim.R. 32.1.
Woodruff contends that the mere fact that he and his wife were represented by the same attorney establishes the existence of a manifest injustice. We disagree. The mere fact that two codefendants are represented by the same attorney does not, without more, establish ineffective assistance of counsel. Statev. Booker (1989), 63 Ohio App.3d 459.
Woodruff contends that had he been separately represented, he could have obtained a better deal for himself. However, Woodruff presents no facts to support that conclusory allegation. The offense with which Jennifer Woodruff was charged was less severe than any of the three offenses with which Charles Woodruff was charged. They both pled guilty as charged, and received appropriate sentences. Woodruff has presented nothing, and nothing is evident in the record, to suggest that any better deal would have been available to him, had he been more effectively represented. Therefore, we cannot say that he has made a prima facie showing of a manifest injustice.
Woodruff also contends that, had he been effectively represented, he could have obtained the suppression of the evidence against him, upon the grounds that it was obtained as the result of a search warrant which had expired. He refers to a search that occurred on February 19, 1996. He contends that all of the evidence against him was obtained as the result of this search. However, he was charged with three counts of selling or offering to sell cocaine. The first two counts allege conduct on February 19, 1996, the third alleges conduct on February 14, 1996. It seems inherently unlikely that Woodruff could have been convicted, or even indicted, of selling or offering to sell cocaine, based solely upon evidence obtained as a result of a search. Presumably, the State had some evidence of a sale or offer to sell. Significantly, Woodruff presents no affidavit or other evidentiary material to support his claim that all of the evidence against him was obtained as the result of an unlawful search.
Finally, it is unclear whether the failure to exclude evidence obtained as a result of an unlawful search constitutes a manifest injustice for purposes of vacating a guilty plea. That would be taking the exclusionary rule beyond the boundaries in which it normally operates as a prophylactic rule to prevent Fourth Amendment abuses by overly zealous police officers. The fact that evidence of guilt has been unlawfully obtained does not, in any way, diminish the culpability of a defendant, or the justice of punishing the defendant for his conduct. It exists solely as a means of discouraging police misconduct. Can the failure to apply the exclusionary rule, therefore, be said to constitute manifest injustice? We conclude that it is unnecessary to answer that question in this case, because it is inherently unlikely that the evidence alleged to have been unlawfully obtained was all of the evidence against Woodruff, and he has presented no affidavit or other evidence to support that claim. Accordingly, the trial court was not required to hold a hearing upon that claim.
Woodruff's sole Assignment of Error is overruled.
 III
Woodruff's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Stephen A. Schumaker
John H. Rion
Hon. Richard O'Neill